Sneed, J.,
delivered the opinion of the court:
The appellant became the prosecutor upon, a warrant issued by Justice Pearson, of Perry county, charging one Hunt with the crime of attempt to commit subornation of perjury. The warrant Avas issued upon sworn information of one Patterson. The appellant, Weems, was not a witness in the case, and knew nothing personally of the facts. The defendant in the warrant was arrested and brought before the justice for trial, on the 20th of July, 1874, when, upon affidavit, he continued the case until the 4th of August, following. On that day he appeared, but neither Patterson nor Weems appeared. The prosecution was, however, represented by counsel, who, upon a motion to continue, produced his own affidavit to the effect that the attendance of Patterson was prevented by his arrest and imprisonment at Memphis, on some charges preferred against him by defendant, Hunt, and that Weems was absent for the reason that Hunt had threatened him with a similar fate. The affidavit stated that the said Patterson would be liberated on trial, and that affiant expected to have his presence at the trial, etc.
The justice refused the continuance, and thereupon discharged the defendant, Hunt, and taxed Weems with the costs. From this judgment Weems appealed to the circuit court, when the attorney-general Avaived the question as to Ms right to appeal, and the matter was tried and determined upon the merits. Upon the trial before the circuit judge, proof was adduced as to the cause of the absence of Patterson and Weems at the time fixed for the trial before the justice. The court thereupon rendered judgment affirming that of the justice, upon thei ground, as stated in the bill of exceptions, that there was no evidence in writing taken before the justce shoAving that there was *454 probable cause for tlie prosecution, and for the further reason that the absence of Weems, under the circumstances, was, in the opinion of the court, a wilful abandonment of the prosecution. We are not prepared to say that under the rulings of this court in the construction of the statute creating a certain class of offenses designated as attempts to commit crime, any such offense exists as “an attempt to commit” subornation of perjury, but it is not necessary here to adjudge this question.
The power to tax the prosecutor with the costs in a criminal proceeding is a statutory power, and the statute must be strictly pursued. If a witness fail to appear when summoned to testify in a criminal prosecution, there is a remedy prescribed by statute. If a prosecutor who is not a witness, refuse or fail to appear, this is no evidence certainly, certainly that the prosecution is frivolous or malicious-, that the court or justice is authorized to adjudge the costs against the prosecutor. The terms of the statute are: “When the defendant is discharged upon the examination, or acquitted in any criminal prosecution for a public offense, and the court is of opinion that the prosecution was frivolous and malicious, the prosecutor may be taxed with all the costs.” Code, see. 5579. In this case the prosecutor was taxed with the costs upon the idea that he had abandoned the prosecution, and not because the prosecution was malicious and frivolous. The warrant of the justice recites that he had examined on oath the witness, Patterson, and, in substance, he states that he was satisfied with the guilt of Hunt, and that there was probable cause for the prosecution. So that there was no- evidence whatever before the justice, or the circuit court, that the prosecution was malicious or frivolous.
The court seems to have predicated its action partly upon a doubt intimated in the case of the State v. Green, 2 Head, 356, as to the revisory power of the appellate tribunal in such cases, where the evidence had not been taken *455 down by tbe justice, and i*eturned with the papers into the circuit court. In the case before us, however*, the- justice acted without any evidence whatever, nor was there any evidence before the circuit court upon which a judgment could be predicated, that the prosecution was frivolous and malicious. In the case last cited, it is held that the proof should be clear and conclusive that the prosecution was frivolous and malicious, and known to the prosecutor to be without foundation, to authorize the costs to be adjudged against him. The statutes 'intend, say the court in another case, that the facts that the prosecution is friv-' olous and malicious, must appear from the proof in the case, as where 'the defendant is tried and acquitted upon an indictment or presentment, or tried and discharged before a committing magistrate. Frazer v. The State, 2 Swan, 536. The power to tax the costs, in such cases was conferred, not as a punishment, but as a protection to the state and county. If a party be really guilty of malicious prosecution, the injured party is not without an efficient remedy against him, but the courts should proceed cautiously in adjudging the prosecutor of a public offense guilty of a malicious prosecution, lest it deter other citizens from the performance of an unpleasant duty which is common to all of bringing public offenders to. justice. The judgment in this case must be held erroneous.
Let it be reversed, and the case dismissed with a judgment against the state for the costs.